BART M. BOTTA, SBN 167051
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA  92660
Telephone:  (949) 752-2911
Facsimile:    (949) 752-0953

Attorneys for Plaintiff
FARMINGTON FRESH CUTS, LLC

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARMINGTON FRESH CUTS, LLC, a limited liability company,<br><br>    Plaintiff,<br> v.<br><br>FRESH INNOVATIONS, LLC, a limited liability company,<br><br>    Defendant. | CASE NO. 2:06-CV-02309-LKK-DAD<br><br>**STIPULATION RE SETTLEMENT; ORDER THEREON** |
| FRESH INNOVATIONS, LLC, a limited liability company,<br><br>    Defendant,<br> v.<br><br>FARMINGTON FRESH CUTS, LLC, a limited liability company, and ROES 1 through 10.<br><br>    Plaintiff. | |

**SETTLEMENT STIPULATION
(2:06-CV-02309-LKK-DAD)**    1

PDF created with pdfFactory trial version www.pdffactory.com

Plaintiff FARMINGTON FRESH CUTS, LLC (hereinafter referred to as "FARMINGTON" or "PLAINTIFF") and Defendant FRESH INNOVATIONS, LLC ("FRESH"), by and through their respective counsel of record, hereby stipulate as follows:

WHEREAS, FARMINGTON alleges that between on or about March 29, 2006 through May 1, 2006, in a series of transactions pursuant to the written contract, pricing schedule, and statement of work between the parties, FARMINGTON performed processing services for Defendant FRESH, for which the amount of $75,093.08 remains due and owing in addition to attorney fees and interest charges.

WHEREAS, FRESH alleges that in processing the apples, FARMINGTON failed to meet the "65% yield guarantee" and therefore asserts that nothing further is owed to FARMINGTON by FRESH, and that FARMINGTON in fact owes FRESH for damages incurred by FRESH.

WHEREAS, on or about October 19, 2006, FARMINGTON filed a Complaint in the above-captioned Court seeking damages of at least $75,093.08 plus attorney fees and interest charges.

WHEREAS, on or about December 4, 2006, FRESH filed an Answer to FARMINGTON's Complaint denying any liability, and also filed a Counterclaim seeking damages against FARMINGTON of $54,678.00 plus additional damages of $33,041.00 for inventory alleged to have been converted.

WHEREAS the parties participated in a settlement conference before U.S. Magistrate Judge Edmund F. Brennan on April 24, 2008, and a further settlement conference on May 2, 2008, at which the parties reached a settlement of this dispute.

WHEREAS, FARMINGTON and FRESH wish to compromise and resolve this matter by agreement and stipulation whereby FRESH shall pay to

PDF created with pdfFactory trial version www.pdffactory.com

FARMINGTON the agreed upon total amount of $38,500.00, at the time stated below.

WHEREAS, the parties also agree that there shall be a complete waiver and termination of that certain "Non Disclosure, Non Compete Agreement" which was signed by David Rajkovich on August 29, 2002 (hereinafter "the Non-Compete Agreement"). Said Agreement will terminate on October 20, 2008.

WHEREAS, in exchange for FRESH's promises to make payment as set forth herein and the parties agreement to terminate the Non-Compete Agreement, FARMINGTON and FRESH agree to dismiss the present lawsuit in its entirety as set forth below.

NOW THEREFORE, in consideration of the foregoing, FARMINGTON and FRESH hereby stipulate as follows:

1. Each of the above recitals is hereby incorporated herein as though fully set forth.

2. FARMINGTON alleges that between on or about March 29, 2006 through May 1, 2006, in a series of transactions pursuant to the written contract, pricing schedule, and statement of work between the parties, FARMINGTON performed processing services and sold perishable agricultural commodities to Defendant FRESH, for which the amount of $75,093.08 remains due and owing.

3. FARMINGTON further alleges that interest on all unpaid invoices has accrued, as well as attorneys' fees and costs, causing FARMINGTON's total claim against FRESH to exceed $120,000.

4. FRESH alleges that in processing the apples, FARMINGTON failed to meet the "65% yield guarantee" and therefore asserts that nothing further is owed to FARMINGTON by FRESH, and that FARMINGTON in fact owes FRESH the amount of $54,678,00 for damages incurred by FRESH due to FARMINGTON's breach, plus additional damages of $33,041.00 for the alleged

**SETTLEMENT STIPULATION**
**(2:06-CV-02309-LKK-DAD)** 3

PDF created with pdfFactory trial version www.pdffactory.com

1 converted inventory.

2  5. FRESH agrees to pay FARMINGTON, and FARMINGTON agrees to accept a lump sum payment in the amount of $38,500.00 as payment in full of all monies alleged to be owed by FRESH to FARMINGTON for the transactions which are the subject of this lawsuit. Said payment is to be made within 30 days from the May 2, 2008 settlement conference (i.e., on or before June 1, 2008).

6. FRESH and FARMINGTON further agree that the agreement entitled "Non Disclosure, Non Compete Agreement" signed by David Rajkovich of FARMINGTON on August 29, 2002, shall terminate and become null and void and of no effect on October 20, 2008.

7. The payment described in paragraph 5 above, shall be made by check payable to "Rynn & Janowsky Client Trust Account" and delivered to the following address for *receipt* in such office by 5:00 p.m. on the date designated above. The payment is to be received by FARMINGTON at the following address: Bart M. Botta, Rynn & Janowsky, 4100 Newport Place Drive, Suite 700, Newport Beach, CA 92660.

8. This Stipulation may be executed in counterparts, each of which shall together be construed as a single original document. A fully executed copy of this Stipulation, including facsimile signatures, may be used in lieu of the original for all purposes.

9. In the event any provision of this Stipulation is deemed to be invalid or void by any court of competent jurisdiction, all other provisions contained herein shall remain in full force and effect.

10. This Stipulation shall be interpreted, and the rights and liabilities of the parties hereto determined, in accordance with the laws of the State of California.

11. The parties acknowledge that by signing this Stipulation, they are giving up their right to a jury trial in connection with the allegations contained in

PDF created with pdfFactory trial version www.pdffactory.com

the complaint and counterclaim filed herein and any subsequent complaint which may be filed by FARMINGTON to enforce either this Stipulation or any other rights which are the subject of this Stipulation.

12. The parties acknowledge being given the opportunity to discuss this Stipulation with their own attorney and have availed themselves of that opportunity to the extent they wish to do so.

13. The parties agree that this lawsuit shall be dismissed in its entirety without prejudice to file an action to enforce or interpret the provisions of this Stipulation. The parties further agree that the U.S. District Court for the Eastern District of California shall retain jurisdiction herein to enforce the payment obligation and/or interpret the provisions of this Stipulation.

14. All persons who sign this agreement on behalf of a corporation represent and warrant that such persons have the authority to execute this stipulation on behalf of the corporation and that by doing so has bound the corporation to the terms of the stipulation. Said persons also represent that additional steps necessary to bind the corporation shall be promptly taken if necessary.

IT IS SO STIPULATED:

DATED:   May 27, 2008            FARMINGTON FRESH CUTS, LLC

                                 By:  /s/_____
                                      Name:    DAVID RAJKOVICH
                                      Position: Managing Member


DATED:   May 13, 2008            FRESH INNOVATIONS, LLC

                                 By:  /s/_____
                                      Name:    Toby F. Cohen
                                      Position: Member

**SETTLEMENT STIPULATION**
**(2:06-CV-02309-LKK-DAD)**               5

PDF created with pdfFactory trial version www.pdffactory.com

Approved as to form and content.

DATED:  May 20, 2008              RYNN & JANOWSKY, LLP


                                   By:  /s/ Bart M. Botta
                                        BART M. BOTTA
                                        Attorneys for Plaintiff
                                        FARMINGTON FRESH CUTS, LLC

DATED:  May 13, 2008              NORDMAN CORMANY HAIR & COMPTON LLP


                                   By:  /s/ Joel Mark
                                        JOEL MARK
                                        Attorneys for Defendant
                                        FRESH INNOVATIONS LLC

**SETTLEMENT STIPULATION**
**(2:06-CV-02309-LKK-DAD)**                  6

PDF created with pdfFactory trial version www.pdffactory.com

# **ORDER**

Having read the above Stipulation re Settlement and good cause appearing therefor,

IT IS HEREBY ORDERED that said Stipulation be filed and that this lawsuit be dismissed in its entirety without prejudice to file an action to enforce or interpret the provisions of this Stipulation.

IT IS FURTHER HEREBY ORDERED that the U.S. District Court for the Eastern District of California shall retain jurisdiction over this matter to enforce the payment obligation and/or interpret the provisions of this Stipulation.

SO ORDERED.

DATED: May 30, 2008.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

**SETTLEMENT STIPULATION**
**(2:06-CV-02309-LKK-DAD)**

7

PDF created with pdfFactory trial version www.pdffactory.com